United States District Court
Southern District of Texas

**ENTERED**

May 19, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REINALDO AGUIAR,<br>      Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02276 |
| | § | |
| ELON MUSK, *et al.*, | § | |
|      Defendants. | § | |

## <u>ORDER</u>

On January 20, 2026, the Court approved and adopted the Magistrate Judge's recommendation that this matter be dismissed without prejudice. (Dkt. 36). On February 20, 2026, Plaintiff filed an Urgent Motion for Relief from Judgment (Dkt. 37). Plaintiff requests that the Court vacate its order under Federal Rules of Civil Procedure 60(b)(1), (b)(3), (b)(4), and (b)(6). (*Id*. at p. 2). The Court **DENIES** Plaintiff's motion (Dkt. 37).

Rule 60(b) sets out five specific bases for granting relief from a final judgment, order, or proceeding: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable evidence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

1 / 4

"Rule 60(b)(1) provides relief from final judgment for reasons including 'mistake, inadvertence, surprise, or excusable neglect.'" *Gonzales v. McDonald*, No. 25-40102, 2025 U.S. App. LEXIS 32997, at \*5 (5th Cir. Dec. 17, 2025) (quoting FED. R. CIV. P. 60(b)(1)). "The law of this circuit permits a trial judge, in his discretion, to reopen a judgment on the basis of an error of law (i.e., a mistake)." *Id*. (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)) (cleaned up). "With regard to the 'mistake' in the ruling as a ground for 60(b) relief … the remedy is 'addressed to special situations justifying extraordinary relief, [where] … the mistake was attributable to special circumstances,' not simply 'that the court made an erroneous ruling.'" *Id*. (quoting *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983)) (cleaned up). "[T]he judicial error should involve 'a fundamental misconception of the law.'" *Id*. (quoting *Chick Kam Choo*, 699 F.2d at 695).

Rule 60(b)(3) permits relief from a judgment if the movant demonstrates "fraud … misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). To establish entitlement to Rule 60(b)(3) relief, the moving party must demonstrate "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting [her] case." *Hesling v. CSX Trasnp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). The party moving for Rule 60(b)(3) relief from judgment "has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). "Rule 60(b)(3) is not intended to correct those outcomes which may be factually incorrect, but rather to protect

2 / 4

against a party prevailing by unfair means." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995) (citation omitted).

Under Rule 60(b)(4), the court may relieve a party from a final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted). A legal error, standing alone, does not render a judgment void. *Id*. Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271.

"Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *In re Westcott*, 135 F.4th 243, 248 (5th Cir. 2025) (cleaned up). A movant under Rule 60(b)(6) must demonstrate how "the initial judgment" was "manifestly unjust." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "Though a court may reopen judgment for 'any other reason that justifies relief,' [] it will do so only on a showing of 'extraordinary circumstances[.]'" *Raby v. Davis*, 907 F.3d 880, 884 (5th Cir. 2018) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

The Court finds that Plaintiff has not established that the Court's order was premised on a fundamental misconception of the law and therefore Plaintiff is not entitled to relief under Rule 60(b)(1). Plaintiff has similarly failed to demonstrate that any party prevailed

3 / 4

by unfair or fraudulent means and is therefore not entitled to relief under Rule 60(b)(3). The Court also finds that Plaintiff has failed to establish that the judgment is void as required under Rule 60(b)(4). Finally, nothing in Plaintiff's brief or the record suggests that the initial judgment was manifestly unjust warranting the extraordinary relief under Rule 60(b)(6).

Accordingly, the Court **DENIES** Plaintiff's motion (Dkt. 37) for relief under Rule 60(b).

SIGNED at Houston, Texas on May 19, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE